UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

LAJUANA WILSON, as mother and natural guardian of infant K.W.; LAJUANA WILSON, as mother and natural guardian of infant L.C.; LAJUANA WILSON, as mother and natural guardian of infant S.W.; and JONATHAN HARRIS;

                                   Plaintiffs,

                    -against-

CITY OF NEW YORK; Police Officer SAMSON GETACHEW, Shield No. 9224; Police Officer MATTHEW COATES, Shield No. 9758; Police Officer JESSICA GAMBINO, Shield No. 8550; Sergeant LATISHA LAWRENCE, Shield No. 1815; Police Officer GIUSEPPE GENTILE, Shield No. 21331; Police Officer XAVIER PEREZ; Sergeant KHANDAKAR ABDULLAH, Shield No. 29924; Police Officer FRANSICISO GARCIA, Shield No. 1986 , and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                   Defendants.

-------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 9326 (PAE)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

<u>JURISDICTION AND VENUE</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

<u>JURY DEMAND</u>

6.      Plaintiffs demand a trial by jury in this action.

<u>PARTIES</u>

7.      Plaintiffs are residents of Bronx County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision,

promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Samson Getachew, Shield No. 9224 ("Getachew"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Getachew is sued in his individual and official capacities.

10.      Defendant Police Officer Matthew Coates, Shield No. 9758 ("Coates"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Coates is sued in his individual and official capacities.

11.      Defendant Police Officer Jessica Gambino, Shield No. 8550 ("Gambino"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Gambino is sued in her individual and official capacities.

12.      Defendant Sergeant Latisha Lawrence, Shield No. 1815 ("Lawrence"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Lawrence is sued in her individual and official capacities.

13.      Defendant Police Officer Giuseppe Gentile, Shield No. 21331 ("Gentile"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Lawrence is sued in her individual and official capacities.

14.    Defendant Police Officer Xavier Perez ("Perez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Perez is sued in his individual and official capacities.

15.    Defendant Sergeant Khandakar Abdullah, Shield No. 29924 ("Abdullah"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Abdullah is sued in his individual and official capacities.

16.    Defendant Police Officer Fransiciso Garcia, Shield No. 1986 ("Garcia"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Garcia is sued in his individual and official capacities.

17.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

18.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

19.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

20.    At approximately 8:00 p.m. on August 26, 2013, K.W. and L.C., sisters aged 12 and 14, were lawfully present inside of Patterson Playground in the vicinity of East 148th Street and College Avenue in the Bronx, New York.

21.    Without cause or justification, two of the defendant police officers, upon information and belief defendants Getachew and Gambino, approached L.C. and K.W. and demanded that they leave the park.

22.    L.C. and K.W., devout Muslim children wearing traditional hijab head coverings, immediately complied and began walking out of the park.

23.    Moments later, the officers attacked L.C. and K.W., violently grabbing them around their necks and forcing them to the ground.

24.    As the officers, L.C. and K.W. crashed to the ground, the children's hijabs were pulled from their heads.  This was not only profoundly humiliating, but a violation of their deeply held religious beliefs.

25.    S.W., the other plaintiffs' 15 year-old brother, arrived and asked the officers, in sum and substance, what they were doing to his little sisters.

26.    The defendants then slammed S.W. to the ground and violently arrested

him.

27.     From a reasonable distance, in a safe manner, plaintiff Harris also arrived and attempted to document the incident with his cell phone.

28.     A group of defendants began approaching him and one of them stated, in sum and substance, "Come here motherfucker, you like recording?"

29.     Scared, Mr. Harris ran, and was violently tackled to the ground, where an officer kneed him in the back and assaulted him, including gratuitously macing him in the face.  The officers took and, upon information and belief, destroyed Mr. Harris's phone.

30.     All four plaintiffs were led from the park in handcuffs and taken to a police precinct.

31.     At the precinct, the children were chained to posts in an interrogation room.

32.     Plaintiff Harris, who was obviously injured and suffering the acute symptoms of short-range mace exposure, pleaded for medical attention and was ignored.

33.     Lajuana Wilson, mother of the infants, arrived at the precinct and was treated disrespectfully and dismissively by precinct staff.

34.     While the children remained cuffed to a wall, the officers prepared false

reports purporting to charge them with obstruction of governmental administration and resisting arrest.

35.    At the precinct the officers also falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff Harris commit various crimes.

36.    At no point did the officers observe plaintiff Harris, or any plaintiff, commit any crime or offense.

37.    After several hours, the children were unceremoniously released to their mother.

38.    Plaintiff Harris was transported to Bronx Central Booking and eventually released on his own recognizance.

39.    Mr. Harris was prosecuted for approximately sixteen months and then compelled to stand trial over the course of several days.

40.    At the conclusion of the trial, Mr. Harris was acquitted.

41.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

42.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

43.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

44.    Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

FIRST CLAIM
Unlawful Stop and Search

45.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

47.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

SECOND CLAIM
False Arrest

48.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

50.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

51.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52.     By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

53.     Plaintiffs were conscious of his confinement.

54.     Plaintiffs did not consent to their confinement.

55.     Plaintiffs' confinement was not otherwise privileged.

56.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

58.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

60.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

61.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

62.     By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

63.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

64.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

65.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66.     The individual defendants created false evidence against plaintiff Harris.

67.     The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

68.     In creating false evidence against plaintiff Harris, and in forwarding false information to prosecutors, the individual defendants violated plaintiff Harris's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

69.     As a direct and proximate result of this unlawful conduct, plaintiff Harris sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

70.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

71.     The individual defendants issued legal process to place plaintiffs under arrest.

-11-

72.    The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.

73.    The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

74.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring/Training/Retention

75.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

76.    Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

77.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

78.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

79.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

80.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Intentional Infliction of Emotional Distress

81.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

82.    By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

83.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

84.    Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

85.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

86.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

87.    By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

88.    The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

89.    Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs.

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

90.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

91.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

92.     The individual defendants were aware of a risk to plaintiffs' safety and/or a need for medical care and failed to act in deliberate indifference to plaintiffs' needs.

93.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiffs' needs.

94.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Malicious Prosecution

95.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

96.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Harris under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

97.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff Harris of his constitutional rights.   The prosecution by defendants of plaintiff Harris constituted malicious prosecution in that there was no basis for the plaintiff Harris' arrest, yet defendants continued with the prosecution, which was resolved in plaintiff Harris' favor.

98.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## THIRTEENTH CLAIM
### Failure To Intervene

99.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

100.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

101.   Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

102.   As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:        August __, 2015
              New York, New York


              HARVIS & FETT LLP


              _____

              Gabriel P. Harvis
              305 Broadway, 14th Floor
              New York, New York 10007
              (212) 323-6880
              gharvis@civilrights.nyc

              *Attorneys for plaintiffs*

              -17-